IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    *Plaintiff*,<br><br>v.<br><br>MTD PRODUCTS LLC,<br><br>    *Defendant*. | CIVIL ACTION<br>No. 16-cv-02242 |

**PAPPERT, J.**                                June 28, 2016

<u>**MEMORANDUM**</u>

  Plaintiff State Farm Fire and Casualty Company ("State Farm") sued Defendant MTD Products, LLC ("MTD") alleging claims of negligence, strict liability and breach of warranties. State Farm asserts these claims as subrogee to rights it acquired after paying its insureds for property damage claims allegedly resulting from faulty lawn mowers manufactured by MTD. MTD filed a motion to sever and partially dismiss which the Court denies.

**I.**

  Over the course of fifteen months, State Farm made insurance payments on seven property damage claims arising from six separate lawn mower fires. (Compl. ¶ 2, ECF No. 1 at Ex. A.) The fires were allegedly caused by similar malfunctions in the exhaust systems of lawn mowers manufactured by MTD. (*Id.* ¶¶ 11, 14.) After making payments to its insureds on the underlying claims, State Farm became subrogated to its insureds' rights. (*Id.* ¶ 2.) On April 20, 2016 State Farm filed suit against MTD in the Philadelphia County Court of Common Pleas. (*Id.* ¶¶ 16–34.) State Farm seeks reimbursement for the amount it paid to its insureds as a result of the allegedly defective lawn mowers. (*Id.*) MTD removed the case to this Court on May 10, 2016. (ECF No. 1.)

1

MTD filed its motion to sever and partially dismiss on May 17, 2016. (ECF No. 3.) MTD contends that the Court should sever State Farm's claims pursuant to Federal Rules of Civil Procedure 20, 21 and 42; it also asserts that once severed, the claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). (Def.'s Mem. in Supp. of Mot. to Sever and Partially Dismiss at 5–10 ("Def.'s Mot."), ECF No. 3-2.) State Farm filed its response on May 27, 2016 and MTD replied one week later. (ECF Nos. 4–5.)

## II.

Because MTD's motion to partially dismiss depends on its motion to sever, the Court addresses the severance issue first. MTD asserts that State Farm cannot join its seven subrogated claims because it "stands in the place of its subrogor-insureds." (Def.'s Mot. at 5–6.) MTD argues that State Farm is not one plaintiff with seven claims, but seven separate plaintiffs with one claim each. (*Id.*) Accordingly, MTD contends that State Farm's claims are "misjoined" under Federal Rule of Civil Procedure 20 because they do not arise out of the same "transaction or occurrence." (*Id.*) Rule 20 provides, in relevant part, that separate plaintiffs may join together in one action if: (1) they assert claims arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action. *See* FED. R. CIV. P. 20.

MTD's argument rests on the incorrect premise that the real parties in interest are the seven insureds, not State Farm. An insurer that pays for the entire loss suffered by an insured party and subsequently takes on the rights of the insured is a real party in interest. *See United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81 (1949). Here, State Farm made payments on seven claims and took on the rights of its insureds as a subrogee. *See Westfield Ins. Co. v. Interline Brands, Inc.*, No. 12-cv-6775, 2013 WL 6816173, at *11 (D.N.J. 2013) (citing *Nat'l*

*Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp.*, No. 05-cv-5945, 2006 WL 892291, at *2 (D.N.J. Apr. 6, 2006)); *see also Ingram v. DESA*, No. 08-cv-1326, 2008 WL 2246428, at *5 (E.D. Pa. May 30, 2008). As a subrogee, State Farm is a real party in interest "entitled to recover the amount paid in its own name" and "the Insureds . . . are not to be considered separate plaintiffs." *Westfield*, 2013 WL 6816173, at *11 (citing *Aetna Cas. & Sur. Co.*, 338 U.S. at 380). Because State Farm is the only real party in interest, there is no "joinder of parties" issue warranting a Rule 20 analysis. Instead, the Court must look to Rule 18 which provides that a single party "may join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). State Farm is a single party and its joinder of claims against MTD is therefore proper under Rule 18.[1]

### III.

MTD alternatively argues that this Court should sever State Farm's claims as permitted under Federal Rules of Civil Procedure 21 and/or 42. (Def.'s Mot. at 13.) Rule 21 governs the court's power to add or drop claims and parties; Rule 42 governs the court's power to bifurcate trials. *See* FED. R. CIV. P. 21, 42. Both Rules are generally analyzed together and provide the district court with broad discretion in making its decision. *See Kimmel v. Cavalry Portfolio Servs., LLC*, 747 F. Supp. 2d 427, 434 (E.D. Pa. 2010) ("District courts are given broad discretion when deciding whether to sever a case pursuant to Rule 21 or 42(b).") (citation omitted).

---

[1] MTD also argues that "subrogation is substantive, determined by equitable principles and therefore governed by the law of Pennsylvania in this diversity action." (Def.'s Reply Br. in Supp. of Mot. to Sever and Partially Dismiss at 2, ECF No. 5.) MTD's position appears to be that the Court should not apply the Federal Rules of Civil Procedure. While subrogation may be a substantive area of the law, the ability to join subrogated claims is procedural. The Court must accordingly apply the Federal Rules of Civil Procedure. *See, e.g.*, *Westfield Ins. Co. v. Interline Brands, Inc.*, No. 12-cv-6775, 2013 WL 6816173, at *11–12 (D.N.J. Dec. 20, 2013) (applying Federal Rule of Civil Procedure 18 in holding that a subrogee may join as many claims as it has against a defendant); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

When determining whether severance is warranted under Rules 21 or 42, the Court must consider the convenience of the parties, avoiding prejudice and promoting expeditious resolution of the litigation. *See Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (citing *German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995)). Specific factors include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party opposing the severance will be prejudiced if it is not granted." *Id.* (citation omitted). Courts commonly avoid separating trials "because a single trial will generally lessen the delay, expense and inconvenience to the parties and the courts." *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 468 (E.D. Pa. 2013) (quoting *Corrigan v. Methodist Hosp.*, 160 F.R.D. 55, 56 (E.D. Pa. 1995)). Additionally, Courts are reluctant to sever claims where discovery has not yet begun. *See, e.g.*, *Barnett v. Topps Co.*, No. 98-cv-0462, 1998 WL 257859, at *1 (E.D. Pa. May 21, 1998) (refusing to sever claims and stating that "[d]iscovery is necessary to ascertain the parameters of the claims") (citation omitted); *Miller v. Hygrade Food Products Corp.*, 202 F.R.D. 142, 145 (E.D. Pa. 2001) ("[A]s discovery has not yet closed and dispositive motions have not been filed, it is too soon to determine whether the claims should be severed for trial.").

MTD argues that the issues sought to be tried here are significantly different from one another because there may be "numerous different models of products that have different component parts, different suppliers and possibly different theories of defect with corresponding defenses." (Def.'s Reply Br. in Supp. of Mot. to Sever and Partially Dismiss at 12, ECF No. 5.) State Farm alleges that the fires resulted from related exhaust system malfunctions. (*Id.* ¶¶ 11,

14.) At this juncture, the issues do not appear to be so significantly different from each other to warrant severance or bifurcation. Moreover, hearing these claims together will help to eliminate redundancy in filing fees, discovery requests and court documents. *See Kimmel*, 747 F. Supp. 2d at 436 ("Because hearing the claims together in one action will help eliminate the unnecessary duplication of filing fees, discovery requests, and court documents, the Court declines to exercise its discretion pursuant to Rule 21 to sever the claims or order separate trials pursuant to Rule 42(b).").

The Court declines to sever or bifurcate State Farm's claims and it accordingly does not address MTD's motion to dismiss for lack of subject matter jurisdiction given that the amount in controversy clearly exceeds the $75,000 requirement. An appropriate order follows.

BY THE COURT

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J